IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDY LEE ROULSTON                                                                    PLAINTIFF

v.                              CIVIL NO.         2:10-CV-02134

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his DIB application on October 22, 2007, claiming disability since October 3, 2007 (Tr. 115-119). The state Disability Determination Services denied Plaintiff's application initially and on reconsideration (Tr. 78-80, 83-84). Pursuant to Plaintiff's request, ALJ Monica LaPolt conducted a hearing on October 31, 2008, where Plaintiff and a vocational expert testified (Tr. 29-64).

The ALJ issued an unfavorable decision on July 2, 2009 (Tr. 70-77). The ALJ found that Plaintiff had severe impairments due to congestive heart failure, coronary artery disease, and

adjustment disorder with depressed mood (Tr. 72 - Finding 3); Plaintiff did not have an impairment that met a listing for presumptive disability (Tr. 72 - Finding 4); Plaintiff had the residual functional capacity to perform a limited range of sedentary work (Tr. 74 - Finding 5); and there were jobs that exist in significant numbers in the national economy that Plaintiff could perform (Tr. 76 - Finding 10). As a result, the ALJ found that Plaintiff was not under a disability at any time through the date of his decision (Tr. 77). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## II.    Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.     Discussion:

The only issue in this case is the Plaintiff's Residual Functional Capacity. The ALJ found that the Plaintiff had the residual functional capacity to perform sedentary work as defined

in 20 CFR 404.1567(a) except that he could only occasionally stoop, crouch, crawl, kneel, balance, bend, and climb stairs and ramps and that he could not climb ladders, ropes or scaffolding and that he could only have moderate exposure to airborne irritants and that the Plaintiff should have no transactional interaction with the public. (T. 74).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The Plaintiff worked for over 23 years for Riverside Furniture Company (T. 134-141) as a cut off saw operator (T. 58). On October 1, 2007 the Plaintiff went to work for Wal Mart Associates, Inc. (T. 132) but suffered a heart attack on October 3, 2007 while undergoing orientation with his new employer. The Plaintiff was initially treated at the Johnson Regional Medical Center ER (T. 237-245) but was transferred to the Arkansas Heart Hospital where a

cardiac catheterization was performed which showed an ejection fraction of 50% [1] with apical inferior akinesis (paralysis) . The Plaintiff's treating doctor was cardiologist Dr. Andrew Henry, MD,  who felt the distal posterior descending branch was occluded  (T. 204).  On October 23, 2007 Dr. Henry noted that the apical inferior akinesis of the Plaintiff's heart was consistent with infarction.  The Plaintiff also had an apical inferior VSD (ventricular septal defect) and the Plaintiff's RV systolic pressure was quite elevated. (T. 220).  On November 15, 2007 the Plaintiff was again seen by Dr. Henry at the Arkansas Heart Hospital and an Echo-cardiogram was performed which showed a large septal discontinuity, ventricular septal defect, moderate tricuspid regurgitation, estimated RV systolic pressure in the mid fifty's and an ejection fraction of 45 to 55 percent. The Plaintiff was admitted to the Arkansas Heart Hospital on November 29, 2007 for coronary artery bypass grafting and ventricular septal defect repair which was performed on that day and was discharged on December 4, 2007. (T. 246-248).  On July 10, 2008 the Plaintiff was seen by Dr. Henry again complaining that he was chronically fatigued.  He  had no angina but occasional sharp left-sided chest pain.  The plaintiff had shortness of breath and difficulty sleeping and depression.  Dr. Henry's plan was to administer a stress echocardiogram. (T. 310-311).  Dr. Henry put the Plaintiff on Zoloft 50 mg and lisinopril 20 mg [2] and to decrease

---

[1] Ejection fraction is a measurement of the percentage of blood leaving your heart each time it contracts.  (See www.mayoclinic.com  Viewed August 12, 2011).

[2] Lisinopril is in a group of drugs called ACE inhibitors. ACE stands for angiotensin converting enzyme. Lisinopril is used to treat high blood pressure (hypertension), congestive heart failure, and to improve survival after a heart attack.  (See www.drugs.com  Viewed August 11, 2011).

his metoprolol to 25 mg [3]twice daily for 2 weeks.  A stress echocardiogram was attempted by Dr. Stewart at the Little Rock Cardiology Clinic on August 5, 2008.  Dr. Stewart noted that the Plaintiff was able to perform the test for 3 minutes and 46 seconds.  His peak blood pressure was 160/100 with a heart rate of 142.  The test was "stopped secondary to increase in chest pain and discomfort.  There was an abnormal baseline EKG with nonspecifict T wave abnormalities inferolaterally."  Dr. Stewart recommended a coronary angiogram  (T. 313) which was performed on August 26, 2008.  The test showed depressed left ventricular systolic function with ejection fraction of 45%.  (T. 319, 328).

The only Physical RFC in the record was performed by Dr. Floyd,  a non examining, non treating physician on April 1, 2008. Dr. Floyd  found that the Plaintiff could lift 10 pounds occasionally, less than 10 pounds frequently, could stand and/or walk and sit for 6 hours in an 8 hour day with an allocation for normal breaks.  He found no limitations in the Plaintiff's ability to push and/or pull. (T.  283).  Dr. Floyd's opinion was reviewed and affirmed by Dr. Jerry Thomas on July 11, 2008.   The ALJ seemed to put great weight on the opinion of Dr. Floyd when she  stated that the "opinion of the consultative examiner is given significant weight as it was consistent with the medical evidence of record."  (T. 75).

We have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. See, e.g.,

---

[3] Metoprolol is in a group of drugs called beta-blockers. Beta-blockers affect the heart and circulation (blood flow through arteries and veins). Metoprolol is used to treat angina (chest pain) and hypertension (high blood pressure). It is also used to treat or prevent heart attack.  (See www.drugs.com  Viewed August 11, 2011).

*Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement). *See also Cox v. Barnhart,* 345 F.3d 606, 610 (C.A.8 (Ark.),2003).

The Plaintiff's treating physician Dr. Henry completed a "Cardiac Assessment" on July 10, 2008 which stated that the Plaintiff suffered sharp pain caused by exertion.  Dr. Henry stated that "examples" of the exertion causing the pain was bending, walking and lifting".  (T.  298). The court notes that these were only "examples" of the exertions that could cause pain and certainly not an exhaustive list. Dr. Henry further stated that walking 1/8 of a mile could cause dyspnea (shortness of breath).  (T. 299).  The "Cardiac Assessment" was not an RFC evaluation but a cursory two page report that dealt primarily with pain.

A stress test was attempted on August 5, 2008 which had to be aborted (T. 313) and a subsequent angiogram was performed on August 26, 2008 which showed depressed left ventricular systolic function with ejection fraction of 45%.  (T. 319, 328).  The ejection fraction was lower than the fraction that existed prior to the Plaintiff's bypass surgery.

The opinion of a treating physician is accorded special deference and will be granted controlling weight when well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000).

In this instance the ALJ did not seek a RFC assessment from Dr. Henry. The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). The ALJ is not required to act as Plaintiff's counsel,  *See Clark v.Shalala*, 28 F.3d 828,

830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"), however, it is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC. If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984).

The clarification from Dr. Henry in this regard was crucial because, not only was Dr. Henry's expertise as a cardiologist of particular importance in evaluating the Plaintiff's RFC, the Plaintiff had attempted a stress test which he had been unable to complete and he had an angiogram performed subsequent to the cursory "cardicac assessment" rendered by Dr. Henry on July 10, 2008. Remand is necessary to further develop the record to allow for a Physical Residual Functioning Capacity assessment to be performed by the treating physician.

**V.  Conclusion:**

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated this August 12, 2011.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE