IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRISTI DAWN ROULSTON
o/b/o RANDY LEE ROULSTON (deceased)                                    PLAINTIFF

v.                                    Civil No. 10-2134

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration,                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

On September 10, 2010, Plaintiff, Randy Roulston, appealed to this Court from the denial

of his application for social security disability benefits by the Commissioner of the Social Security

Administration (hereinafter "Commissioner").  ECF No. 1.  On June 22, 2011, Kristi Roulston was

substituted as Plaintiff, following Randy's death.   The matter was remanded for further

consideration, pursuant to sentence four, 42 U.S.C. § 405(g) on August 12, 2011.  ECF Nos. 12, 13.

## I.    Background:

Plaintiff filed a Motion for An Award of Attorney Fees Under The Equal Access to Justice

Act, (hereinafter the "EAJA"), on November 2, 2011.  ECF No. 14, 15.  On November 9, 2011, the

undersigned entered an Order awarding Plaintiff $4,674.76 in attorney fees pursuant to the EAJA,

to be paid in addition to, but not out of, any past due benefits which Plaintiff may be awarded in the

future.  ECF No. 17.

On May 5, 2015, Plaintiff 's attorney filed a motion for attorney's fees pursuant to 42 U.S.C.

§ 406(b).  ECF No. 20.  Counsel requests attorney's fees pursuant to 42 U.S.C. § 406(b) in the

amount of $6,018.00.  ECF No. 20.  This matter is currently before the undersigned by consent of

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael
J. Astrue as the defendant in this suit.

the parties.  ECF No. 5.

## II.   Applicable Law:

Under both the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (quotations and ellipses omitted).

The basis for counsel's motion, 42 U.S.C. § 406, deals with the administrative and judicial review stages in Social Security proceedings discretely—" § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794.  Unlike the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party.  *Id.* at 802.  "Section 406(b) is of another genre:  It authorizes fees payable from the successful party's recovery."  *Id.*

Congress enacted § 406(b) to "protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Id.* at 805.  Recognizing that contingent-fee agreements are the primary means by which fees are set for successfully representing Social Security benefits claimants in court, section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield "reasonable results in particular cases."  *Id.* at 807.   Therefore, even if the contingency-fee agreement is at or below the 25 percent boundary, "the attorney for the successful claimant must show that the fee

sought is reasonable for the services rendered." *Id.* at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable. *Id.* A court should determine whether a downward adjustment of an attorney's recovery is appropriate "based on the character of the representation and the results the attorney achieved." *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment "[i]f the award of benefits is large in comparison to the amount of time counsel spent on the case." *Id.*

**III.   Discussion:**

The court, having reviewed this case in light of *Gisbrecht*, is required to give primacy to the contingent-fee agreement. Here, the agreement calls for a fee of 25 percent of past-due benefits or a flat fee of $6,000.00, the same benchmark percentage permitted by statute. See 42 U.S.C. § 406(b)(1)(A). The court finds that Ms. Gibbons is not responsible for any delay allowing him to "profit from the accumulation of benefits during the pendency of the case in court," nor are the benefits "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U .S. at 808. (Ms. Gibbons alleges to have spent 29.80 hours working on the substance of this matter, representing an hourly rate of $201.95. ECF No. 17.) The court further finds that Ms. Gibbons achieved a favorable result for Plaintiff and bore the risk of no payment under the contingency-fee agreement had Plaintiff not been successful. In accordance with *Gisbrecht*, the court concludes that Plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b), and is entitled to an award of $6,018.00.

3

**IV.**     **Conclusion:**

Accordingly, Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), is granted in the amount of $6,018.00.  While we do note that Plaintiff was awarded an EAJA fee in the amount of $4,674.76, Plaintiff's counsel contends that she will refund this amount to the Plaintiff.  Therefore, we will award Plaintiff's counsel the full $6,018.00 fee.  Plaintiff's attorney is further directed to remit to Plaintiff the smaller fee awarded to Plaintiff pursuant to the EAJA in the amount of **$4,674.76**.

IT IS SO ORDERED this 22nd day of May 2015.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE